[L. A. No. 13321.   In Bank.—December 11, 1936.]

LUTHER T. MAYO, Plaintiff and Respondent, v. MAR-GUERITE MALONEY MAYO, Defendant and Respondent; MAJOR WOOLDRIDGE SMITH et al., Appellants.

John J. McMahon for Appellants.

G. C. DeGarmo for Plaintiff and Respondent.

George Acret for Defendant and Respondent.

THE COURT.—This is an appeal from an order appointing a receiver *pendente lite,* and, so far as we are

presently informed, is the last of several appeals arising out of the marital difficulties of the Mayo family.

Pending the trial of a divorce action commenced by her husband, the defendant Marguerite Mayo moved the trial court for the appointment of a receiver *pendente lite*. The affidavit filed in support of the motion averred, among other things, that the plaintiff had transferred certain income-bearing real property to the appellants Smith for the purpose of concealing the same from her and with the alleged understanding that the Smiths would hold the title for plaintiff's benefit. Opposition was offered by the Smiths to the appointment of a receiver. However, the court below granted the motion and designated a receiver to handle the property. The Smiths thereupon prosecuted this appeal from the order.

Pending the disposition of the present appeal there has been brought to this court for review the decree thereafter entered in the divorce action (L. A. No. 14019) and the decrees entered in two other actions (L. A. No. 13834 and L. A. No. 14257) wherein the appellants Smith sought to have their interests in the property declared and their rights adjudicated. The decree entered in the divorce action was affirmed by this court in April, 1935, and the *remittitur* has gone down. (*Mayo* v. *Mayo,* 3 Cal. (2d) 51 [43 Pac. (2d) 535].) Upon stipulation of the parties, the appeals in the last two mentioned cases were dismissed and the *remittiturs* duly issued.

It necessarily follows that the issues involved in this appeal have become moot. In 22 California Jurisprudence, page 476, section 61, it is stated that "a receivership *pendente lite* terminates with the rendition of judgment; thereafter any questions as to the propriety of an appointment are moot, and will not be reviewed".

The appeal is dismissed.